IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DIANNE WILLIS                                                                                    PLAINTIFF

vs.                                        Civil No. 1:12-cv-01020

CAROLYN W. COLVIN                                                                  DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Dianne Willis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O.

Hickey referred this case to this Court for the purpose of making a report and recommendation.  In

accordance with that referral, and after reviewing the arguments of counsel, this Court recommends

Plaintiff's case be **AFFIRMED.**

1.     **Background:**

Plaintiff protectively filed her SSI and DIB applications on October 8, 2009.  (Tr. 39, 155-

160).  Plaintiff alleges being disabled due to the following:

Gout, Pain, Neck, Thyroid, Chest Pain, Eye Problems, Can't stand on feet for any
period of time, Hands hurt Claimant suffers from gout mostly in her feet; they swell,
pain, and sometimes, she cannot stand or walk on them.  she also has pain in her neck
down to the back due to having sat bent over in front of a sewing machine for over
30 years; she has all three degrees of pain, which is aggravated by standing or

1

> walking, the weather, or nothing.  The right foot is worse; she is experiencing chest
> pain; and her hands tend to swell.  Severe gout in feet-pain-neck-thyroid-chest pain-
> eyes.

(Tr. 182).  Plaintiff claims these impairments cause her the following limitations:

> Claimant cannot sit for any period of time due to the pain in her neck radiating down
> into her back; she cannot sit in front of a sewing machine; also, her eyes are so bad
> that she cannot see well enough to do the type of work she did for many years.  The
> pain in claimant's neck/back, feet, and poor vision prevent her from working.

*Id.*  Plaintiff alleges an onset date of May 10, 2005.  (Tr. 39, 155).  These applications were denied

initially and again upon reconsideration.  (Tr. 86-89).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing

request was granted.  (Tr. 105-120).  Plaintiff's administrative hearing was held on September 13,

2010 in El Dorado, Arkansas.  (Tr. 52-73).  Plaintiff was present and was represented by counsel,

Denver Thornton, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Mack Welch testified

at the hearing in this matter.  *Id.*  At this hearing, Plaintiff testified she was fifty-six (56), which is

defined as a "person of advanced age" under 20 C.F.R. § 416.963(e) (2008) (SSI) and 20 C.F.R. §

404.1563(e) (2008) (DIB).  Plaintiff also testified that she had received her high school diploma but

had no education beyond high school.  (Tr. 55).

On October 26, 2010, the ALJ entered an unfavorable decision denying Plaintiff's

applications for SSI and DIB.  (Tr. 36-47).  In this decision, the ALJ determined Plaintiff met the

insured status requirements of the Act through December 31, 2010.  (Tr. 41, Finding 1).  The ALJ

determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 10, 2005,

her alleged onset date.  (Tr. 41, Finding 2).  The ALJ determined Plaintiff had the following severe

impairments: gout, hypertension, obesity, back pain, and neck pain.  (Tr. 41, Finding 3).  The ALJ

2

determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 41-43, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 43-46, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.*  Pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b), "light work" involves the following:

> (b) Light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 46-47, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a sewing machine operator (light, semiskilled).  *Id.*  The ALJ determined that, considering her RFC, Plaintiff retained the capacity to perform her PRW as a sewing machine operator.  *Id.*  Additionally, the ALJ evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 47).  The ALJ found Plaintiff did retain that capacity, and he specifically found

3

Plaintiff retained the capacity to perform work as a cafeteria work (light, unskilled) with 45,000 such jobs in the region, 1,000 such jobs in the state, and 220,000 such jobs in the nation. *Id.* In accordance with that finding, the ALJ determined Plaintiff had not been under a disability as defined in the Act from May 10, 2005 through the date of his decision or through October 26, 2010. (Tr. 47, Finding 7).

On November 2, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 35). On February 8, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-4). On March 7, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion**:

In her appeal, Plaintiff raises the following four arguments for reversal: (A) the ALJ did not properly consider her impairments; (B) the ALJ performed an improper *Polaski* evaluation; (C) the ALJ presented an improper hypothetical to the VE; and (D) the ALJ incorrectly assessed her RFC. ECF No. 7 at 3-17.  In response, Defendant argues substantial evidence supports the ALJ's decision, including his RFC determination and his PRW determination.  ECF No. 8 at 4-13.  The Court will address each of the four arguments Plaintiff has raised.[1]

A.    **Consideration of Impairments**

Plaintiff claims the ALJ did not properly consider her impairments in combination, including her gout, hypertension, obesity, back pain, and neck pain.  ECF No. 7 at 7-10.  To support her claim, Plaintiff references the fact she has been diagnosed with gout (Tr. 315), has to use crutches four to five times a year to walk (Tr. 197), is required to take a number of different medications to treat her impairments (Tr. 172-176, 233, 235), has been diagnosed with mild degenerative disc disease in her neck (Tr. 320), and suffers from obesity (Tr. 43).  *Id.*  In response, Defendant argues the ALJ "displayed thoroughness and diligence in discussing each of Plaintiff's alleged impairments."  ECF No. 8 at 10.  Specifically, Defendant argues the ALJ fully evaluated Plaintiff's alleged impairments, including her gout, and found she retained the RFC for the full range of light work even with those impairments.  *Id.*

Under the facts in the present case, the Court finds the ALJ properly considered Plaintiff's impairments in combination.  The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if

---

[1] However, to logically organize Plaintiff's arguments, the Court will reverse the order of Plaintiff's third and fourth arguments and address Plaintiff's fourth argument prior to addressing her third argument.

considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523 (2012).  In the present action, the Court agrees with Defendant's argument that the ALJ thoroughly reviewed Plaintiff's impairments in combination in this case.  Indeed, the ALJ properly summarized the medical records and fully analyzed Plaintiff's alleged impairments.  (Tr. 43-46).  Further, the ALJ stated that "the claimant does not have an impairment *or combination of impairments*" that meet or medically equal the requirements of a Listing and stated Plaintiff's "impairments, *either singularly or in combination*, are not to the degree that would preclude the above residual functional capacity assessment."  (Tr. 41-44) (emphasis added).

These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments.  *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).  Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination.  Plaintiff has alleged that she suffers from a number of different impairments.  ECF No. 7. However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems.  The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments.  (Tr. 41-44).  Thus, the Court finds the ALJ properly considered Plaintiff's impairments in combination.  *See Hajek,* 30 F.3d at 92.

**B.** ***Polaski* Evaluation**

Plaintiff claims the ALJ erred in evaluating her subjective complaints.  ECF No. 7 at 10-13.

Specifically, Plaintiff claims the ALJ placed undue emphasis on her activities of daily living while ignoring her extensive work history. *Id.* In response, Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints and "noted inconsistencies between the evidence as a whole and her allegations." ECF No. 8 at 9. Specifically, Defendant argues the ALJ properly discounted Plaintiff's subjective complaints "given the level of . . . [her] . . . daily activities." *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them

_____

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. First, the ALJ fully evaluated Plaintiff's allegations of disabling pain. (Tr. 44). Second, the ALJ discounted those subjective complaints for legally-sufficient reasons. (Tr. 45-46). Specifically, the ALJ noted the following: (1) despite her allegedly disabling pain, Plaintiff's course of treatment has been "essentially routine and conservative in nature"; (2) while Plaintiff reports an inability to afford treatment, Plaintiff has not demonstrated she has been unable to obtain free or low-cost treatment[3]; (3) despite her allegedly disabling gout and related problems, her physician's records state that she "ambulates without difficulty"; and (4) despite her allegations, the record demonstrates that she is able to perform a number of daily activities. (Tr. 45).

Further, Plaintiff claims the ALJ erred by failing to consider her extensive work history. ECF No. 7 at 10-13. While it is notable and commendable that Plaintiff worked at the same plant for over

---

[3] Plaintiff disputes this finding and claims that she is a person of limited means who is unable to afford her medication. ECF No. 7 at 16. Plaintiff, however, has not presented any evidence that she has attempted to obtain low-cost or free medical treatment. Such a showing is required. *See, e.g., Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999) (holding the ALJ appropriately discounted claimant's argument he could not afford medical care absent evidence he sought and was denied low-cost or free care). Accordingly, Plaintiff's failure to obtain treatment cannot be excused based upon her bare claim that she could not afford that treatment.

thirty years, her stated reason for her separation is even more relevant.  As the ALJ noted, Plaintiff does not claim the limitations from her impairments caused her to be unable to perform her last occupation. (Tr. 45).  Instead, she stated in her Disability Report that she stopped working because her plant closed; and at the hearing in this matter, she stated that she was terminated from employment. *Id.*  Neither stated reasons indicate that "she stopped performing work related activities because of the limitations stemming from her impairments." *Id.*  The ALJ considered this fact in his opinion. (Tr. 45).  Accordingly, the Court also finds the ALJ properly considered her work history.

Based upon these facts, the Court finds the ALJ provided sufficient reasons for discounting Plaintiff's subjective complaints, and his credibility determination should be affirmed. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### C.     RFC Determination

Plaintiff claims the ALJ improperly evaluated her RFC.  ECF No. 7 at 14-16.  Specifically, Plaintiff claims her chronic neck and back pain cause her to be unable "to stay bent over the sewing machine seven hours per day," her low grip strength interferes with her sewing ability, and her pain otherwise causes her to be unable to work.  *Id.*  In response, Defendant argues the ALJ based his RFC determination upon all of the relevant data included in the record, including Plaintiff's treatment records and the consultative examination reports. ECF No. 8.  Thus, Defendant argues that the ALJ's RFC determination should be affirmed.

As an initial matter, in support of her claim that she suffers from disabling back and neck pain and hand pain that causes low grip strength, Plaintiff relies upon the consultative examination report completed by Dr. Jerry Grant, M.D.  (Tr. 315-319).  Dr. Grant completed this report on

10

December 1, 2009.  *Id.*  In this report, Dr. Grant did note that Plaintiff suffered from gout, obesity, left hand pain, in addition to other problems.  *Id.*  Dr. Grant also noted Plaintiff had a limited range of motion in her cervical spine and limited grip strength in both her left and right hands.  *Id.*  Despite these apparently restrictive findings, however, Dr. Grant still determined Plaintiff only had "mild" limitations in walking, lifting, carrying, handling, and fingering (considering her age and weight). *Id.*  Thus, Dr. Grant's findings do not provide a basis for reversing the ALJ's RFC determination that Plaintiff can perform light work.

Further, in support of her claim that she is unable to work, Plaintiff references a note from February 24, 2010 from UAMS–Surgery Oncology Clinic wherein Plaintiff was found to be "unable to carry out any work activities."  (Tr. 337).  It appears this appointment was a follow-up to a parathyroid surgery Plaintiff had two years earlier in 2008.  *Id.*  Interestingly, during this appointment, Plaintiff reported having no or "N" pain at all and even stated her pain on the pain scale was at a "0."  *Id.*  Thus, it is entirely unclear on what basis her physician found she was unable to work.  Accordingly, the ALJ was not required to assign this record any weight.

Indeed, based upon the Court's review of the medical records in this case and the briefing of the Parties, the Court finds the ALJ properly assessed Plaintiff's RFC based upon all of the relevant evidence in the record.  Plaintiff has the burden of establishing her limitations.  *See Cox v. Apfel*, 160 F.3d at 1206.  In this case, Plaintiff has not met this burden of establishing she is unable to perform light work as was determined by the ALJ.  Because Plaintiff has not met that burden and the ALJ's RFC determination is otherwise supported by substantial evidence in the record, the Court finds no basis for reversal on this issue.

11

### D.      ALJ's Hypothetical to the VE

Plaintiff claims the ALJ provided an improper hypothetical to the VE that did not include all of her limitations.  ECF No. 7 at 13-14.  Plaintiff claims the limitations the ALJ provided to the VE do not "mirror" her limitations.  *Id.*  In response, Defendant argues that the ALJ properly met his burden at Step Four by relying upon the testimony of a vocational expert.  ECF No. 8 at 11-12. Defendant argues that because the ALJ's hypothetical to the VE included all of the limitations included in the RFC determination, the ALJ properly presented his hypothetical to the VE.  *Id.*

In the present action, as noted above, the ALJ's determination that Plaintiff only retained the capacity for light work is supported by substantial evidence in the record.  Further, the VE properly characterized Plaintiff's PRW as light work, and there is no indication in the record that this was an improper characterization.  Accordingly, it was entirely proper for the ALJ to rely upon the VE's testimony and determine Plaintiff retained the capacity to perform her PRW.  *See Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991) (finding the ALJ should make findings regarding the demands of the claimant's PRW and compare those demands to the claimant's RFC to determine whether the claimant can perform the relevant tasks).  Accordingly, the Court finds the ALJ's Step Four determination is properly supported by substantial evidence in this case.

### 4.      <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ denying benefits to Plaintiff is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

      **ENTERED this 21st day of March 2013.**

/s/  Barry A. Bryant     
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

13